**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TEVIN MORRIS and WILBUR O'NEAL DAVIS, individually and on behalf of all others similarly situated, | ) ) ) ) ) |  |
|  | ) | Case No. _____ |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UE LINE, INC. and EUGEN UNTILA, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## CLASS ACTION COMPLAINT

### I.    INTRODUCTION

1.    This is an action brought on behalf of current and former delivery drivers challenging Defendant UE Line, Inc.'s ("UE Line") unlawful practice of misclassifying its drivers as independent contractors.

2.    Plaintiffs Tevin Morris and Wilbur O'Neal Davis ("Plaintiffs") challenge UE Line's unlawful practice of making deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by UE Line.

3.    Plaintiffs contend that, although they and other delivery drivers were classified by UE Line as independent contractors, they were, in fact, employees of UE Line. Plaintiffs also contend that Defendant Eugen Untila is individually liable by virtue of his role within UE Line, creating and overseeing UE Line's unlawful classification and compensation practices.

4.    Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with UE Line to provide delivery

services for UE Line between March 2015 and the present. Plaintiffs allege that, as a result of UE Line's policies, illegal deductions were made from their and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiffs also allege, in the alternative, that UE Line unlawfully required them and others similarly situated to incur expenses that should have properly been borne by UE Line in violation of 820 Ill. Comp. Stat. 115/9.5.

## II.     THE PARTIES

6.      Plaintiff Tevin Morris is an adult resident of Iowa. Morris worked for UE Line as a truck driver, making deliveries in Illinois and other states between approximately January and February 2025. During this time, Morris was classified as an independent contractor.

7.      Plaintiff Wilbur O'Neal Davis is an adult resident of Alabama. Davis worked for UE Line as a truck driver, making deliveries in Illinois and other states between approximately January and February 2025. During this time, Davis was classified as an independent contractor.

8. Defendant UE Line is an Illinois corporation headquartered in Elgin, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

9.      Defendant Eugen Untila is, upon information and belief, an Illinois resident and is the President of UE Line. In his role, Untila possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

## III.     JURISDICTION AND VENUE

10.      The Court has personal jurisdiction over Plaintiffs and the class they seek to represent because they worked in the State of Illinois for Illinois employers and/or are citizens

of the state of Illinois.

11.     The Court has personal jurisdiction over Defendants because Defendants reside in Illinois, do business in the State of Illinois, and their conduct in the State of Illinois underlies all claims in this suit.

12.     This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, since there is diversity between the Parties and since the amount in controversy exceeds $75,000.

13.     The Court also has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d) because Plaintiffs' class claims in total exceeded $5 million.

14.     Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred in this District.

## IV.     STATEMENT OF FACTS

15.     Plaintiffs were hired by UE Line to perform deliveries in Illinois and across the United States.

16.     Plaintiffs drove trucks and trailers which had had UE Line insignia on them, and operated under UE Line's DOT number.

17.     Plaintiffs worked for UE Line full time, routinely working up to 70 hours a week. Plaintiffs did not work anywhere else while working for UE Line.

18.     Plaintiffs and other delivery drivers were required to regularly check in with UE Line's dispatchers to take their instructions as to which loads to haul, where and when to pick up and drop off these loads.

19.     Plaintiffs and other delivery drivers were also required to comply with UE Line's time constraints for deliveries and other instructions and were required to regularly report to UE

Line staff and UE Line's office in Illinois.

20. Plaintiffs were paid a set amount, based on a percentage of the load, determined by UE Line, for the deliveries they made.

21. Throughout the course of Plaintiffs' employment, UE Line made deductions from their pay for items including escrow, truck payments, insurance, fuel, tolls, and late deliveries, among others, which often came to hundreds of dollars per week. Plaintiffs were not informed of these deductions before they were made, and did not authorize these deductions.

22. Although UE Line classified Plaintiffs and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by UE Line demonstrates that they were employees of UE Line.

23. Plaintiffs and other delivery drivers were required to pick up trucks and trailers from UE Line's yard in Illinois.

24. Plaintiffs and other delivery drivers were hired by UE Line at UE Line's office in Illinois, were required to pick up and deliver freight for UE Line in Illinois, and received directions regarding their deliveries from UE Line's dispatchers and management team in Illinois.

25. UE Line controlled every aspect of its drivers', including Plaintiffs', work. Such control included, but was not limited to the following:

      A. UE Line required Plaintiffs and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiffs' and other similarly situated drivers' duties.

      B. Plaintiffs and other delivery drivers were required to report to UE Line's facilities regularly, including to pick up and drop off trucks and trailers and to submit paperwork.

      C. The trucks and trailers Plaintiffs and class members drove bore UE Line

insignia and markings.

D. Plaintiffs, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by UE Line to receive delivery assignments, to report when they picked up and reopped off loads, and to report any issues with their assigned deliveries.

E. UE Line instructed Plaintiffs and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading and unloading. Additionally, UE Line dictated the time by which each delivery must be made. UE Line's dispatchers and supervisors also communicated with Plaintiffs and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

F. Plaintiffs and other delivery drivers were subject to deductions for late deliveries.

G. UE Line also subjected drivers, including Plaintiffs, to a variety of deductions, including, but not limited to, deductions for escrow, truck payments, insurance, fuel and tolls.

H. If Plaintiffs or other similarly situated drivers wished to take time off, they were required to give timely advance notice to UE Line.

26. Plaintiffs and other delivery drivers performed work which is in the usual course of business of UE Line — *i.e.* they were truck drivers who performed delivery services and UE Line is engaged in business of providing trucking delivery services to their customers.

27. UE Line required Plaintiff and putative class members to submit all bills of lading, logbooks, and other required paperwork to UE Line's office in Illinois.

5

28. At no time during their employment were Plaintiffs and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by UE Line and could not and did not negotiate any matters or bargains with any customers or brokers.

## V. CLASS ALLEGATIONS

29. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IWCPA Class (Counts I-II):

> all persons who contracted to provide trucking delivery services for UE Line as delivery drivers in Illinois, and who personally provided trucking delivery services to UE Line, who have either been classified as independent contractors or have not been paid or treated as employees between March 2015 and the present.

30. The members of each class are so numerous that joinder of all members is impracticable. Plaintiffs believe that each class exceeds forty (40) members.

31. Common issues of law and fact predominate the claims of the class. Specifically, all claims are predicated on a finding that UE Line misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiff are identical to the claims of the class members.

32. The named Plaintiffs are adequate representatives of the classes because all class members were subject to UE Line's uniform practices and policies. Further, Plaintiffs and the potential class members have suffered the same type of economic damages as a result of UE Line's practices and policies.

33. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class

6

actions.

34.     Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

**Count I**
**Illinois Wage Payment and Collection Act - Deductions**

35.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

36.     At all relevant times, Plaintiffs and members of the proposed class were "employees" of Defendants as defined by the IWPCA.

37.     At all relevant times, Defendants were employers of Plaintiffs and proposed class members as defined by the IWPCA.

38.     The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees' wages.

39.     UE Line violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiffs' and class members' wages.

40.     Eugen Untila violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing UE Line to make unlawful deductions from Plaintiffs' and the proposed class members' wages.

41.     Plaintiffs seek reimbursement for all unlawful deductions taken by UE Line from

their and class members' pay.

## Count II
### Illinois Wage Payment and Collection Act – Expenses
### (in the alternative to Count I)

42.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

43.     At all relevant times, Plaintiffs and the proposed class members were "employees" of Defendants as defined by the IWPCA.

44.     At all relevant times, Defendants were employers of Plaintiffs and the proposed class as defined by the IWPCA.

45.     UE Line violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiffs and other class members who worked for them since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

46.     Eugen Untila violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by permitting drivers to incur expenses related to their work for UE Line that should have been borne by Defendants.

47.     Plaintiffs seek reimbursement for all unlawful expenses they and the proposed class members were forced to incur as part of their work for UE Line.

### Prayer for Relief

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1.     Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

2.     An order appointing Plaintiffs as a class representatives and their counsel as class counsel;

3.     An order enjoining Defendants from violating the IWPCA;

4.     Restitution for all deductions taken from Plaintiffs' and class members' wages;

5. Restitution for all of UE Lines' operating expenses that Plaintiffs and class members were forced to bear;

6. Prejudgment interest and statutory damages;

7. Attorney's fees and costs;

8. Any other relief to which Plaintiffs and the Class members may be entitled.

DATED: March 5, 2025

Respectfully Submitted,

TEVIN MORRIS and
WILBUR O'NEAL DAVIS,
individually and on behalf of all others
similarly situated,

By their attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

Harold Lichten (*pro hac vice anticipated*)
Olena Savytska (*pro hac vice anticipated*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com